**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JESUS CRISTOBAL VILCHEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>YENIS VILCHEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiffs,<br><br>v.<br><br>WINDOW WASHERS ETC, LLC<br>d/b/a WINDOW WASHERS, ETC<br>5316 Edmunds Place NW<br>Washington, DC 20016<br><br>MARTIN BIGGS<br>5316 Edmunds Place NW<br>Washington, DC 20016<br><br>KRISTIN LEE BIGGS<br>5316 Edmunds Place NW<br>Washington, DC 20016<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**

1.     While Plaintiffs worked at Defendants' window washing company, Defendants denied Plaintiffs overtime wages by paying them the same regular hourly rate across all hours worked, including overtime hours. Moreover, Defendants did not provide Plaintiffs with paid safe and sick leave as required by D.C. law.

2. Plaintiffs bring this action against Window Washers ETC, LLC, Martin Biggs, and Kristin Lee Biggs ("Defendants") to recover damages for Defendants' willful failure to pay overtime wages and to provide safe and sick leave, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5. Plaintiff Jesus Cristobal Vilchez is an adult resident of Montgomery County, Maryland.

6. Plaintiff Yenis Vilchez is an adult resident of Montgomery County, Maryland.

7. Defendant Window Washers ETC, LLC is a District of Columbia corporate entity. It does business as Window Washers, ETC. Its principal place of business is located at 5316 Edmunds Place NW, Washington, DC 20016. Its registered agent for service of process is Kristin Lee Biggs, 5316 Edmunds Place NW, Washington, DC 20016.

8. Defendant Martin Biggs is an adult resident of the District of Columbia. He resides at 5316 Edmunds Place NW, Washington, DC 20016. He is an owner and officer of Defendant Window Washers ETC, LLC. He exercises control over the operations of Window Washers ETC, LLC — including its pay practices.

9. Defendant Kristin Lee Biggs is an adult resident of the District of Columbia. She resides at 5316 Edmunds Place NW, Washington, DC 20016. She is an owner and officer of Defendant Window Washers ETC, LLC. She exercises control over the operations of Window Washers ETC, LLC — including its pay practices.

10. Defendants Martin Biggs and Kristin Lee Biggs are married.

### Factual Allegations Specific to Plaintiff Jesus Cristobal Vilchez

11. Plaintiff Jesus Vilchez worked at Window Washers, ETC from approximately 2010 through approximately December 27, 2019.

12. Plaintiff Jesus Vilchez typically and customarily worked for Defendants from April through December of each year, as there was not enough work during the winter months of January through March.

13. Plaintiff Jesus Vilchez worked primarily in the District of Columbia.

14. Plaintiff Jesus Vilchez started every workday by meeting Defendants at their home, located at 5316 Edmunds Place NW, Washington, DC 20016.

15. Plaintiff Jesus Vilchez worked at Window Washers, ETC as a window washer.

16. Plaintiff Jesus Vilchez's job duties at Window Washers, ETC primarily consisted of cleaning the windows and glass surfaces of residential and commercial buildings.

17. Defendants provided Plaintiff Jesus Vilchez with a company van to drive to and from the worksites.

18. Defendants assigned Plaintiff Jesus Vilchez to work on a team of laborers.

19. Defendants required Plaintiff Jesus Vilchez to wear a uniform while he worked.

20. On the weeks that Plaintiff Jesus Vilchez worked, he typically and customarily worked between five and six days per week.

21. On the weeks that Plaintiff Jesus Vilchez worked, he typically worked more than forty hours per workweek for Defendants.

22. At all relevant times, Defendants paid Plaintiff Jesus Vilchez by check, with no accompanying paystub.

23. At all relevant times, Defendants paid Plaintiff Jesus Vilchez by the hour.

24. Defendants paid Plaintiff Jesus Vilchez approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Oct. 01, 2017–Dec. 31, 2017 | $17.00 |
| Apr. 01, 2018–Dec. 31, 2018 | $18.00 |
| Apr. 01, 2019–Dec. 27, 2019 | $19.00 |

25. At all relevant times, Defendants paid Plaintiff Jesus Vilchez the same regular hourly rate across all hours worked.

26. At all relevant times, Defendants did not pay Plaintiff Jesus Vilchez overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

27. For example, on June 1, 2018, Defendants issued Plaintiff Jesus Vilchez a check in the amount of $1,206.00. Defendants paid him $18.00 per hour for each of the sixty-seven hours of work he performed during this his workweek (67 hours × $18.00/hour rate = $1,206.00):

[Check image: WINDOW WASHERS ETC LLC, 5316 EDMUNDS PL NW, WASHINGTON, DC 20016-3312; Check #3473; Date 6/1-18; Pay to the Order of CRISTOBAL VILCHEZ $1,206—; Twelve Hundred and Six Dollars; Wells Fargo Bank, N.A., District of Columbia]

28. For Plaintiff Jesus Vilchez's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $11,100.00 in overtime wages (excluding liquidated damages).

29. Moreover, Defendants never provided Plaintiff Jesus Vilchez with paid leave as required by the ASSLA. D.C. Code § 32-531.02.

30. Plaintiff Jesus Vilchez lost wages in 2017, 2018, and 2019 because he was sick.

31. For Defendants' failure to provide paid leave, Defendants owe Plaintiff Jesus Vilchez approximately $1,000.00 in lost wages and compensatory damages.

32. Defendants should have provided Plaintiff Jesus Vilchez with one day of paid leave in 2017, three days of paid leave in 2018, and three days of paid leave in 2019.

33. For their failure to provide paid leave, Defendants also owe Plaintiff Jesus Vilchez $3,500.00 — $500.00 of statutory damages for each accrued day of leave denied, regardless of whether he took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

**Factual Allegations Specific to Plaintiff Yenis Vilchez**

34. Plaintiff Yenis Vilchez worked at Window Washers, ETC from September 2018 through December 2019, and from April 2019 through December 2019.

35. Plaintiff Yenis Vilchez worked primarily in the District of Columbia.

36. Plaintiff Yenis Vilchez started every workday by meeting Defendants at their home, located at 5316 Edmunds Place NW, Washington, DC 20016.

37. Plaintiff Yenis Vilchez worked at Window Washers, ETC as a driver and window washer.

38. Plaintiff Yenis Vilchez's job duties at Window Washers, ETC primarily consisted of driving the company van, and cleaning the windows and glass surfaces of residential and commercial buildings.

39. Defendants provided Plaintiff Yenis Vilchez with a company van to drive to and from the worksites.

40. Defendants assigned Plaintiff Yenis Vilchez to work on a team of laborers.

41. Defendants required Plaintiff Yenis Vilchez to wear a uniform while she worked.

42. On the weeks that Plaintiff Yenis Vilchez worked, she typically and customarily worked between five and six days per week.

43. On the weeks that Plaintiff Yenis Vilchez worked, she typically worked more than forty hours per workweek for Defendants.

44. At all relevant times, Defendants paid Plaintiff Yenis Vilchez by check, with no accompanying paystub.

45. At all relevant times, Defendants paid Plaintiff Yenis Vilchez by the hour.

46. At all relevant times, Defendants paid Plaintiff Yenis Vilchez $16.00 per hour.

47. At all relevant times, Defendants paid Plaintiff Yenis Vilchez the same regular hourly rate across all hours worked.

48. At all relevant times, Defendants did not pay Plaintiff Yenis Vilchez overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

49. Defendants owe Plaintiff Yenis Vilchez approximately $7,350.00 in overtime wages (excluding liquidated damages).

50. Moreover, Defendants never provided Plaintiff Yenis Vilchez with paid leave as required by the ASSLA. D.C. Code § 32-531.02.

51. Plaintiff Yenis Vilchez lost wages in 2018 and 2019 because she was sick.

52. For Defendants' failure to provide paid leave, Defendants owe Plaintiff Yenis Vilchez approximately $566.00 in lost wages and compensatory damages.

53. Defendants should have provided Plaintiff Yenis Vilchez with 1.2 days of paid leave in 2018 and 3.0 days of paid leave in 2019.

54. For their failure to provide paid leave, Defendants also owe Plaintiff Yenis Vilchez $2,100.00 — $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiff Vilchez took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

## Factual Allegations Common to All Plaintiffs

55. Defendant Kristin Lee Biggs hired Plaintiffs.

56. Defendant Kristin Lee Biggs typically and customarily signed Plaintiffs' paychecks.

57. Defendant Kristin Lee Biggs typically and customarily handed Plaintiffs their pay.

58. Defendants Kristin Lee Biggs and Martin Biggs set Plaintiffs' work schedule.

59. Defendants Kristin Lee Biggs and Martin Biggs assigned Plaintiffs' teams and worksites.

60. Defendants Kristin Lee Biggs and Martin Biggs set Plaintiffs' hourly rate of pay.

61. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

62. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

63. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

64. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

65. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

66. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

67. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

68. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

69. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

70. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

71. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

72. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

73. Defendants' violations of the FLSA were willful.

74. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

75. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

76. Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

77. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

78. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

79. Defendants' violations of the DCMWA were willful.

80. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

81. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

82. Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

83. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

84. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

85. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

86. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including overtime wages.

87. Defendants' violations of the DCWPCL were willful.

88. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## COUNT IV
## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

89. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

90. Each defendant was an "employer" of Plaintiffs within the meaning of the ASSLA. D.C. Code § 32-531.01.

91. The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-531.02(a).

92. Defendants violated the ASSLA by not providing Plaintiffs the required paid leave.

93. For Defendants' violations of the ASSLA, Defendants also owe Plaintiffs $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiffs took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

94. For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, Plaintiffs' reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. D.C. Code § 32-531.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$85,826.20**, and grant the following relief:

    a. Award Plaintiffs $73,800.00, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b. Award Plaintiffs $7,166.00, consisting of the following:

        i. $1,566.00 in lost wages and compensatory damages for failure to provide paid safe and sick leave, pursuant to the ASSLA, D.C. Code § 32-531.02(e);

        ii. $5,600.00 in statutory damages for failure to provide paid safe and sick leave, pursuant to the ASSLA, D.C. Code § 32-531.12(b);

    c. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

    d. Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated

to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,460.20);

e. Award Plaintiffs court costs (currently, $400.00); and

f. Award any additional relief the Court deems just.

Date: October 19, 2020

Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*